Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
Katherine Odenbreit (SBN: 184619)
kodenbreit@mahoney-law.net
John A. Young (SBN: 299809)
jyoung@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Boulevard, Suite 814
Long Beach, CA 90802
Telephone No.:562-590-5550
Facsimile No.: 562-590-8400

Attorneys for Plaintiff ANITA TREJO, as an individual and on behalf of all similarly situated employees

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANITA TREJO,<br><br>      Plaintiff,<br><br>   v.<br><br>LYNEER STAFFING SOLUTIONS, LLC; CIERA STAFFING, LLC; EMPLOYERS HR LLC; YUSEN LOGISTICS (AMERICAS) INC.; and DOES 1 through 50, inclusive,<br><br>      Defendants. | Case No.: 2:19-cv-4132-DSF (JCx)<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND UNOPPOSED "JOINT" MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING OF FINAL APPROVAL HEARING**<br><br>Assigned to;<br>Hon. Dale S. Fischer, Courtroom 7D<br><br>Date:       May 17, 2021<br>Time:      8:30 a.m.<br>Courtroom:  7D<br><br>Complaint Filed:  March 27, 2019 |

1

NOTICE OF MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND SETTING OF FINAL APPROVAL HEARING

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 17, 2021, pursuant to Federal Rule of Civil Procedure 23, Plaintiff Anita Trejo ("Plaintiff") and Defendants Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, Employers HR, LLC, and Yusen Logistics (Americas), Inc. ("Defendants") will move the Court for an Order granting preliminary approval of the proposed class action settlement between Plaintiff and Defendants (Plaintiff and Defendants are referred to collectively as the "Parties") which is memorialized in the Parties' "Joint Stipulation of Class Action Settlement and Release." ("Settlement Agreement" or "Agreement").

The Parties will further move the Court for an Order:

1. Certifying for settlement purposes only a Class defined as all non-exempt, hourly workers who were assigned by Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, and Employers HR, LLC to perform work for Yusen Logistics (Americas), Inc. in California at any time from July 1, 2017 to August 25, 2019 (the "Class Period");

2. Preliminarily approving the PAGA Settlement Amount;

3. Appointing Plaintiff as Class Representative for settlement purposes;

4. Appointing Plaintiff's counsel, Kevin Mahoney, Katherine Odenbreit, and John Young of MAHONEY LAW GROUP, APC, as Class Counsel for settlement purposes;

5. Approving Phoenix Class Action Administrators as Settlement Administrators;

6. Approving the form and content of the Class Notice and Notice of Individual Settlement Share (collectively referred to as the "Notice Packet"), and directing the mailing of same;

7. Approving the opt-out and objection procedures provided in the Settlement Agreement and set forth in the Notice of Settlement;

2

NOTICE OF MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING OF FINAL APPROVAL HEARING

8.      Directing Defendants to furnish the Settlement Administrator within fifteen (15) calendar days after the Court grants preliminary approval of the Settlement the Class List, as defined in the Settlement Agreement, which shall be compiled in good faith from Defendant's records to include for each Class Member: (a) full name; (b) last known mailing address; (c) last known telephone number; (d) social security number; (e) date of birth; and (f) the total work weeks worked by each member of the Settlement Class during the Class Period; and

9.      Setting a Final Approval Hearing.

The motion will be based upon this notice, the attached memorandum of points and authorities, the Declaration of Katherine Odenbreit concurrently filed herewith, the records and files in this action, and any other further evidence or argument that the Court may properly receive at or before the hearing.

Defendants Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, Employers HR, LLC and Yusen Logistics (Americas), Inc., join in this motion only for the purpose of seeking approval of the class settlement.  Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, Employer's HR and Yusen Logistics (Americas), Inc. do not adopt as true any of the substantive arguments, factual statements or theories of liabilities suggested by Plaintiff or her counsel in this motion and deny the allegations in this case.  The Defendants entered into a settlement in this case for business purposes and to avoid the cost of litigation.


Date: April 22, 2021                    **JACKSON LEWIS P.C.**


                                        *By:/s/ Stacey M. Cooper*
                                        Stacey M. Cooper
                                        Attorney for Defendants LYNEER
                                        STAFFING SOLUTIONS, LLC, CIERA
                                        STAFFING, LLC, AND EMPLOYERS
                                        HR, LLC

Date: April 22, 2021                          **FORD & HARRISON, LLP**


                                              _By:/s/ Daniel Chammas_
                                              Daniel Chammas
                                              Shanda Y. Lowe
                                              Attorneys for Defendant YUSEN
                                              LOGISTICS (AMERICAS), INC

Date: April 22, 2021                          **MAHONEY LAW GROUP, APC**


                                              _By:    Katherine J. Odenbreit_
                                              Kevin Mahoney
                                              Katherine J. Odenbreit
                                              John A. Young
                                              Attorney for Plaintiff, Anita Trejo

NOTICE OF MOTION AND JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND SETTING OF FINAL APPROVAL HEARING

# TABLE OF CONTENTS

I.   INTRODUCTION .....................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND.................................3

   A.   The Parties ..................................................................................3

   B.   Procedural History and Plaintiff's Claims..................................4

   C.   Mediation with Steve Serratore .................................................5

III. SUMMARY OF SETTLEMENT TERMS ...........................................6

   A.   Monetary Terms .........................................................................6

   B.   Settlement Class Members' Released Claims ............................7

IV.  plaintiff's claims and assessment of the settlement value..............8

V.   THE CLASS ACTION SETTLEMENT satisfies the standard for preliminary approval......................................................................10

   A.   The Proposed Settlement Was the Product of Serious, Informed, Non-Collusive Negotiations ......................................12

      1.   The Extent of Discovery Completed and The Stage of Proceedings..........12

   B.   The Proposed Settlement Has No Obvious Deficiencies ...............13

   C.   Balancing of the Factors .............................................................14

VI.  CONDITIONAL CERTIFICATION ....................................................16

A.   Numerosity....................................................................................17

B.   Common Issues of Law and Fact ................................................17

C.   Typicality......................................................................................18

D.   Adequacy of Representation........................................................19

   E.   Conditional Certification Pursuant to FRCP 23(b)(3) is  Appropriate as Common Questions Predominate........................21

VII. THE PROPOSED NOTICE IS APPROPRIATE AND SATISFIES DUE PROCESS ............................................................................22

VIII. A FINAL APPROVAL HEARING SHOULD BE SCHEDULED............23

IX.  CONCLUSION ...................................................................................24

# TABLE OF AUTHORITIES

Cases

*Alberto v. GMRI, Inc.*,

  (E.D. Cal. 2008) 252 F.R.D. 652 ........................................................ 14

*Amchem Prod., Inc. v. Windsor*,

  521 U.S. 591 (1997)............................................................... 22, 23

*Arnold v. United Artists Theatre Circuit, Inc.*,

  (N.D. Cal. 1994) 158 F.R.D. 439 ........................................................ 19

*Class Plaintiffs v. City of Seattle*,

  (9th Cir. 1992) 955 F.2d 1268 ........................................................ 14

*General Telephone Co. of Southwest v. Falcon*,

  (1982) 457 U.S. 147............................................................... 20

*Hanlon v. Chrysler Corp.*,

  (9th Cir. 1998) 150 F.3d 1011 ................................................... Passim

*In re Southern Ohio Correctional Facility*,

  (S.D. Ohio 1997) 175 F.R.D. 270........................................................ 16

*In re Tableware Antitrust Litigation*,

  (N.D. Cal. 2007) 484 F.Supp.2d 1078........................................... 14, 17

*Ingram v. The Coca-Cola Co.*,

  (N.D. Ga. 2001) 200 F.R.D. 685 ........................................................ 16

*Lerwill v. Inflight Motion Pictures, Inc.*,

  (9th Cir. 1978) 582 F.2d 507 ........................................................ 19

*Linney v. Cellular Alaska Partnership*,

  (9th Cir. 1998) 151 F.3d 1234 ........................................................ 15

*Molski v. Gleich*,

  (9th Cir. 2003) 318 F.3d 937 ................................................... 13, 15

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*,

  (9th Cir. 1982) 688 F.2d 615 ........................................................ 17

*Van Vranken v. Atlantic Richfield Co.*,

  (N.D. Cal. 1995) 901 F.Supp. 294 ............................................................ 16

*Villegas v. J.P. Morgan Chase & Co.*,

  (N.D. Cal., Nov. 21, 2012, No. CV 09-00261 SBA EMC) 2012 WL 5878390 . 14

*Wehner v. Syntex Corp.*,

  (N.D. Cal. 1987) 117 F.R.D. 641 ............................................................ 20


Statutes


28 U.S.C. § 1331 .............................................................................................. 3

28 U.S.C. §1441 (a) ........................................................................................ 3

28 U.S.C. § 1442(a)(1) .................................................................................... 3

29 U.S.C. § 201 .............................................................................................. 12

29 U.S.C. § 206 ........................................................................................ 1, 2, 4

29 U.S.C. § 207 .......................................................................................... 2, 3

Cal. Lab. Code § 226.7(a) & (b) .............................................................. 2, 7, 8

Cal. Lab. Code § 1174 ............................................................................... 2, 6

Cal. Bus. & Prof. Code § 17200 ............................................................. 2, 10


Rules


Fed. R. Civ. P. 23(b)(3) ................................................................................ 23

Fed. R. Civ. P. 23(c)(2)(B) ........................................................................... 24

Fed. R. Civ. P. 23 ..................................................................................... 2, 24

Fed. R. Civ. P. 23 (a)(1) ............................................................................... 24

F Fed. R. Civ. P. 23 (e) ................................................................................ 23

Fed. R. Civ. P. 23 (e)(2) ............................................................................... 23

Fed. R. Civ. P. 23 (e)(1)(B) .......................................................................... 24

TABLE OF CONTENTS AND AUTHORITIES

Regulations

29 C.F.R. § 778.315 ................................................................. 5

29 C.F.R. §778.316 ................................................................. 5

29 C.F.R. § 778.317 ............................................................ 5, 16

California Code of Regulations, § 11040 (4)........................... 2

Other Authorities

*Manual for Complex Litigation,* § 21.632 (4th ed. 2004)...................................... 14

TABLE OF CONTENTS AND AUTHORITIES

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff Anita Trejo ("Plaintiff") submits this memorandum in support of this Joint Motion for Preliminary Approval of Class Action Settlement. Defendants Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, Employers HR, LLC, and Yusen Logistics (Americas), Inc. (collectively referred to herein as "Defendants") **<u>submit this motion as an unopposed motion for class certification</u>** and seek approval of the class settlement for business reasons. Nonetheless, Defendants do not adopt the factual theories or legal theories of liability asserted by Plaintiff in this case and deny the allegations in this case. The Defendants entered into a settlement in this case for business purposes and to avoid the cost of litigation. The Parties negotiated the proposed Settlement at arms' length. It is fair and reasonable and will dispose of this class action in its entirety.

## I.    INTRODUCTION

Plaintiff is a former non-exempt hourly worker who was assigned by Lyneer Staffing Solutions to perform work for Yusen Logistics (Americas), Inc. in California between 2018 to August 25, 2019. Plaintiff was previously employed by Ciera Staffing Solutions, LLC and Employers HR, LLC and assigned to work at Yusen from July 1, 2017 through early 2018. Plaintiff filed this wage and hour class action, alleging that Defendants violated California labor laws by failing to pay wages for all hours worked, failing to pay overtime, failing to timely pay wages to employees whose employment had terminated, and failing to provide accurate itemized wage statements. Plaintiff further alleges that Defendants violated the unfair competition law (Bus. & Prof. Code § 17200, *et seq.*), and the California Private Attorney Generals Act ("PAGA"). Defendants deny all allegations. Plaintiff brought this class action lawsuit on behalf of herself and all currently and formerly employed non-exempt hours employees of Defendants in the state of California from four (4) years prior to the commencement of this

action through present. Plaintiff now seeks preliminary approval of the Joint Stipulation of Class Action Settlement and Release (hereinafter "Agreement"), which will resolve this action in its entirety.

If approved by the Court, the Settlement will create a gross settlement fund (hereinafter referred to as "Gross Settlement Amount") in the amount of four hundred eighty thousand dollars ($480,000.00) for approximately two thousand sixty-one (2,061) Class Members. The Gross Settlement Amount includes payments made to Settlement Class Members, payments to the Labor and Workforce Development Agency ("LWDA"), settlement administration costs, awards of attorneys' fees and costs, and a service award to Plaintiff as set forth below. The proposed Settlement is non-reversionary.  Class Members will not be required to submit claim forms in order to receive their share of the settlement proceeds. Pursuant to the terms of the Parties' Settlement Agreement, Class Members will be provided with a court approved Notice describing the settlement in detail, which will include each Class Member's anticipated share of the settlement, premised on the Court's approval of administrative costs, attorneys' fees and costs, and Plaintiff's service award approved by the Court as requested ("Class Notice"). Following receipt of the Class Notice, the Class Members will have the option to "opt out", or elect not to participate in the settlement. If they do not affirmatively make that election, then each remaining Class Member will receive a settlement check after the "effective date" of the settlement is reached, following the Final Approval of the Settlement.

The Parties' settlement was reached after an all-day, arms-length mediation with experienced wage and hour mediator, Steve Serratore, Esq. Information exchanged prior to the mediation included redacted wage and hour information, time punch records, employee handbooks, and other policies. Expert analysis was used by both sides during the mediation based on the time and payroll records exchanged. The Parties disagreed extensively on the theories and data involved in

the litigation and the mediation went well into the evening, and into the following days as a result. The settlement reached between the Parties takes into account the expense, complexity of continued litigation and risk that certification may not be granted and, if so, that it may not be maintained under principles outlined by the U.S. Supreme Court in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011). In addition, the Parties' proposed settlement accounts for Defendants' affirmative defenses, which, if Defendants were successful would result in Plaintiff and class members receiving nothing.

Plaintiff therefore requests that the Court grant this Motion for Preliminary Approval of Class Action Settlement, approve the Notice Packet to Settlement Class Members, appoint Phoenix Class Action Administration Solutions as the Class Administrator, and schedule a Final Approval Hearing. Defendants do not oppose this request. Plaintiff further requests that this Court provisionally certify a settlement class. Plaintiff asserts that provisional certification is appropriate because the proposed class is ascertainable, common questions of law and fact predominate over any individualized questions, Plaintiff's claims are typical of those of the Stipulated Class Members, Plaintiff and her counsel can adequately represent the Stipulated Class Members, and proceeding as a class action is a superior means of resolving this dispute.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

Defendant LYNEER STAFFING SOLUTIONS, LLC is a Delaware business entity, which is registered and conducting business in the State of California that provides temporary staffing services throughout California during portions of the relevant time period of this case. Defendant CIERA STAFFING SERVICES, LLC is a Delaware business entity, which was registered and conducted business in the State of California. Ciera Staffing Services, LLC provided temporary staffing services throughout California during portions of the

relevant time period of this case.  Defendant EMPLOYER'S HR, LLC is a Florida business entity, which is registered to conduct business in the State of California, and serves as a PEO.  Defendant YUSEN LOGISTICS (AMERICAS) INC. is a New York corporation, which is registered and conducting business in the State of California that provides third party logistics services throughout California.

Plaintiff and Class Members worked for Defendants as non-exempt, hourly workers who were assigned by either Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC and Employers HR, LLC to perform work for Yusen Logistics (Americas), Inc. in California at any time from July 1, 2017 to August 25, 2019.

**B.     Procedural History and Plaintiff's Claims**

On March 27, 2019, Plaintiff, a former employee of Defendants, filed the Class Action in the Superior Court of California for the County of Los Angeles as a proposed class action on behalf of all current and former non-exempt California employees of Defendants, during the period of March 27, 2019 through the date of final judgment. Plaintiff alleged that Defendants (1) failed to pay all wages, including minimum wages and overtime wages; (2) failed to provide accurate itemized wage statements; (3) failed to pay wages upon termination of employment; and (4) engaged in unfair business practices. Plaintiff sought recovery under the California Labor Code, the applicable Industrial Welfare Commission Wage Order, and the California Business & Professions Code. On May 13, 2019 Defendant Yusen Logistics (Americas), Inc. filed a notice of removal, removing the lawsuit entitled *Anita Trejo v. Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, Employers HR, LLC, and Yusen Logistics (Americas), Inc.* Case No. 19STCV10411 to the United States District Court for the Central District of California pursuant to 1332(d), 1367(a), 1441(a), 1441(b), 1446, and 1453. On May 30, 2020 Plaintiff filed the PAGA Action in the Superior Court of California for the County of Los Angeles Private Attorney's General Act ("PAGA").  Defendants deny all of the allegations in the complaint and the

theories of liability upon which this case was asserted. Defendants asserted affirmative defenses to each of the causes of action asserted therein.

### C.    Mediation with Steve Serratore

On August 26, 2020, the Parties attended a full day of mediation with Steve Serratore, Esq., a well-known and experienced wage and hour class action mediator. While the case did not settle at mediation, subsequently, following a mediator's proposal, the Parties agreed to the principal terms of this Settlement, which were subsequently formalized as a written "Joint Stipulation of Class Action Settlement and Release" ("Settlement Agreement" or "Agreement"), fully executed by the Parties on April 22, 2021 (Declaration of Katherine J. Odenbreit "Odenbreit Decl." ¶ 4) (A true and correct copy of Agreement is attached as Exhibit A to Odenbreit Decl.)

Prior to the mediation, the Parties engaged in formal and informal discovery. Defendants provided to Plaintiff time and pay records for the putative class, Defendants' written policies and handbooks, and identified the number of employees comprising the putative class and/or aggrieved employees, as well as the relevant total workweeks and pay periods. (Odenbreit Decl. ¶ 4.) Using the aforementioned information and records, Plaintiff and her counsel consulted with an expert. (Odenbreit Decl. ¶ 4.) Competing expert reports were presented at mediation and those competing theories of liability, defense, and damages formed the basis of the settlement reached here. Plaintiff was able to reasonably assess liability on the part of Defendants and the resulting value of damages, paving the way for the proposed settlement terms.

Based on Plaintiff's analysis of Plaintiff's Claims and Defendants' defenses, Plaintiff and her counsel determined that the agreed-upon sum of four hundred eighty thousand dollars ($480,000.00) was a reasonable and appropriate gross settlement value for this instant action. (Odenbreit Decl. ¶¶ 18-20.) On the other hand, Defendants' business relationship, the cost of litigation, and other

business factors played a heavy part in Defendants' decision to enter into any settlement in this action.

## III.   SUMMARY OF SETTLEMENT TERMS

### A.   Monetary Terms

Pursuant to the settlement agreement, and in consideration for the releases of all claims at issue, Defendants agree to pay an amount not to exceed Four Hundred Eighty Thousand Dollars ($480,000.00) (the "Gross Settlement Amount"), excluding Defendants' side of payroll taxes (which Defendants will pay separately), as a full and complete settlement of all claims arising from the action all non-exempt, hourly workers who were assigned by Lyneer Staffing Solutions, LLC and/or Ciera Staffing, LLC, and Employers HR, LLC to perform work for Yusen Logistics (Americas), Inc. in California at any time from July 1, 2017 to August 25, 2019 ("Settlement Class Members"). The Gross Settlement Amount includes payments made to Settlement Class Members, settlement administration costs, awards of attorneys' fees and costs, the service award for Plaintiff, if approved, and payment to the LWDA. The Settlement Agreement provides that the Gross Settlement Amount will be allocated as follows:

- Administration will be handled by Phoenix Class Action Administrators, a third-party settlement Administrator, and the cost of the Administration shall not exceed fifteen thousand dollars ($15,000.00) and will be paid out of the Gross Settlement Amount (Odenbreit Decl. ¶ 20; Exhibit A, Paragraph 1.3);

- Defendants will not oppose an application for a class representative Enhancement Payment in the amount of seven thousand five hundred dollars ($7,500.00), to be paid out of the Gross Settlement Amount (Odenbreit Decl. ¶ 20; Exhibit A, Paragraph 3.25);

/ / /

/ / /

- Defendants will not oppose Class Counsel's application for a Class Counsel Fees Award that is up to one hundred sixty thousand dollars ($160,000.00), which is 33.3% of the Gross Settlement Amount and Class Counsel Costs Award not to exceed sixteen thousand dollars ($16,000.00) (Odenbreit Decl. ¶ 20; Exhibit A, Paragraph 3.26);

- Twenty Thousand Dollars ($20,000.00) from the Gross Settlement Amount to compromise of claims brought under the Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. California Labor Code section 2699(i) requires that the parties distribute any settlement of PAGA claims as follows: 75% to the State of California's Labor Workforce Development Agency for enforcement of labor laws and education of employers; and 25% to "aggrieved employees." Accordingly, the Parties agree that Fifteen Thousand Dollars ($15,000.00) of the LWDA PAGA Allocation will be paid to the Labor Workforce Development Agency from the Gross Settlement Fund by the Claims Administrator. The remaining Five Thousand Dollars ($5,000.00) of the LWDA PAGA Allocation will be part of the Net Settlement Fund to be distributed in accordance with the terms of this Settlement.

### B. Settlement Class Members' Released Claims

As of the full funding of the Gross Settlement Fund, Settlement Class Member, unless he or she has properly elected to opt out of the Settlement hereby releases Defendants from the following claims for the entire Class Period (from July 1, 2017 to August 25, 2019); all claims in the Actions (defined in the settlement agreement), as well as any and all claims (known or unknown) that were asserted or could have been asserted based on the facts pled in the Actions (including those alleged in Plaintiff's Letters to the LWDA), or that arise out of the Actions, including, without limitation, claims that Defendants failed to provide

meal periods; failed to provide rest periods; failed to pay hourly wages, or minimum wage for all hours worked; rounded time entries to deprive Class Members of wages; required Class Members to work "off the clock"; required Class Members to arrive to work early without compensation; failed to pay minimum wage; failed to pay overtime compensation; failed to provide accurate itemized wage statements; and failed to pay all wages due to discharged and quitting employees. The released claims include but are not limited to claims brought under California Labor Code sections 201-203, 204, 226, 226.7, 510, 512, 1174, 1174.5, 1194, 1197, 2698 *et seq.*, the applicable IWC Wage Order, and Section 17200 of the California Business and Professions Code. Such claims include claims for wages, statutory penalties, civil penalties, or other relief under the California Labor Code and any other related state or municipal law, relief from unfair competition under California Business and Professions Code section 17200 *et seq.*; attorneys' fees and costs; and interest, and waives the protection of California Civil Code section 1542 with respect to such claims.

## IV. PLAINTIFF'S CLAIMS AND ASSESSMENT OF THE SETTLEMENT VALUE

Plaintiff maintains that this Settlement represents a significant guaranteed recovery for all the Settlement Class Members. In advance of mediation, Defendants agreed to, and did, provide Plaintiff with informal discovery relating to the size and scope of the class, total work weeks in the class period, average pay rate, Settlement Class Members' time records and pay records, and applicable employee handbooks containing Defendants' wage and hour policies. (Odenbreit Decl. ¶ 4.)

Plaintiff contends that Defendants willfully failed to make or keep accurate payroll records for Plaintiff and Class Members because they did not accurately reflect the hours worked due to the alleged unpaid time spent for reporting prior to their shifts and Defendants' rounding policy. In addition, Plaintiff alleges that

despite Defendants' written meal and rest period policies, Defendants failed to adequately provide compliant meal or rest periods. (Odenbreit Decl. ¶¶9-10.). Defendants deny these allegations and maintain that Plaintiff did not report early to work, did not work any unpaid hours for reporting prior to the shift, did not maintain a rounding policy, and that Plaintiff and the other class members were provided compliant meal and rest period.

Plaintiff contends that by failing to include in the final paychecks to former employees all wages Defendants violated Labor Code sections 201 and 202. Plaintiff further contends that Defendants failed to pay penalties for each day a former employee was not paid wages for all hours worked. (Odenbreit Decl. ¶ 14.) Defendants maintain that final paychecks, where applicable, included all wages ad that no penalties are due or payable.

Plaintiff also contends that Defendants willfully failed to make or keep accurate payroll records for Plaintiff and class members because they did not accurately reflect the hours worked due to Defendants' rounding policy, all premiums owed, and the time spent working off-the-clock. (Odenbreit Decl. ¶ 17.) Defendants maintain that all records were maintained, were accurate, and that no rounding policy or off the clock work occurred in the first instance and thus, no liability exists to Defendants on these claims. Plaintiff's claims for waiting time penalties and inaccurate wage statements contain certain risks as a result of their derivative nature. If Plaintiff was not successful in certifying a class for unpaid wages and Plaintiff prevailed on the meal and rest periods claims, based on other Court's decisions regarding statutory penalties under Labor Code §§ 203 (waiting time penalties) and 226 (inaccurate wage statement), they are not derivative of a successful claim for premium wages under Labor Code § 226.7. Pursuant to *Naranjo v. Spectrum Security Services, Inc*., 40 Cal. App. 5th 444 (Cal. App. 2d Dist., Sept. 26, 2019), the meal and rest period violations are not a predicate for civil penalties for improper wage statements and untimely final wages under

Labor Code secs. 201-203, 226, 226.3, and 2699. (*Id.*)

Plaintiff sought civil penalties under PAGA for violations of Labor Code. Because the Court has the discretion to reduce the amount of penalties assessed based on certain enumerated criteria and courts have frequently reduce penalties significantly and in some cases, zero penalties have been awarded. Plaintiff also faces a challenge to the manageability of a PAGA trial. (Odenbreit Decl. ¶ 19.) As detailed in the Settlement Agreement the Parties are allocating Twenty Thousand Dollars ($20,000.00) to the settlement of PAGA claims.

As Plaintiff's theories of liability are based on policies that apply to all non-exempt hourly maintenance workers uniformly, Plaintiff is confident class certification would be granted as to all causes of action. As discussed above, Defendants deny all liability. Defendants maintain that Settlement Class Members were paid all wages and provided all meal and rest periods as required under California law. Defendants further contend that they have complied at all times with all applicable California laws, including the *California Labor Code*, the applicable California Wage Order(s), and the Unfair Competition Law. Defendants contends that if this action were to be litigated further, Defendants would have strong defenses to class certification and on the merits.

Accordingly, Plaintiff's counsel's opinion is that this settlement is a fair, adequate, and reasonable resolution of the claims in this lawsuit. (Odenbreit Decl. ¶¶23-24.) Defendants agree that certification and approval of this settlement is appropriate as a means to avoid the cost of further litigation, to avoid the disruption to its business and employees associated with litigation, to avoid the disruption of its business relationships, and to efficiently end the litigation.

## V. THE CLASS ACTION SETTLEMENT SATISFIES THE STANDARD FOR PRELIMINARY APPROVAL

A class action may not be dismissed, compromised, or settled without the approval of the court. (*See* Federal Rule of Civil Procedure 23(e).)  Judicial

proceedings have led to a defined procedure and specific criteria for settlement approval in class action settlements, described in the *Manual for Complex Litigation,* § 21.632 (4th ed. 2004). The *Manual*'s settlement approval procedure describes two distinct steps:

1.    The Court first conducts a preliminary fairness evaluation, and if the Court preliminarily approves the settlement as falling within the range of possible settlement approval, notice to the class is then disseminated and a "fairness" or final approval hearing is scheduled.

2.    A "formal fairness hearing," or final settlement approval hearing, at which class members may be heard regarding the settlement, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. (*Id.*; Federal Rule of Civil Procedure 23(e)(2).

"Rather, preliminary approval of a settlement and notice to the proposed class is appropriate: if '[1] the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, [2] has no obvious deficiencies, [3] does not improperly grant preferential treatment to class representatives or segments of the class, and [4] falls with[in] the range of possible approval.'" (*Villegas v. J.P. Morgan Chase & Co.* (N.D. Cal., Nov. 21, 2012, No. CV 09-00261 SBA EMC) 2012 WL 5878390, at \*5 (quoting *In re Tableware Antitrust Litigation* (N.D. Cal. 2007) 484 F.Supp.2d 1078, 1079); *see also Hanlon v. Chrysler Corp.* (9th Cir. 1998) 150 F.3d 1011, 1026; *Class Plaintiffs v. City of Seattle* (9th Cir. 1992) 955 F.2d 1268, 1276 (in context of class action settlement, appellate court cannot "substitute [its] notion of fairness for those of the [trial] judge and the parties to the agreement," and will reverse only upon strong showing of abuse of discretion.) Accordingly, a court's decision to approve a class action settlement may be reversed only upon a showing of clear abuse of discretion. See *Hanlon*, *supra*, 150 F.3d at p. 1027. By this motion, the Parties

request that the Court take the first step in the settlement approval process, and grant preliminary approval of the Settlement.

### A.    The Proposed Settlement Was the Product of Serious, Informed, Non-Collusive Negotiations

The proposed Settlement in this case was reached after extensive and informed arm's-length negotiations with experienced class action mediator Steve Serratore, Esq.

### 1.    The Extent of Discovery Completed and The Stage of Proceedings

In making a fairness determination, the Court looks to what discovery has been completed and the procedural posture of the litigation. (*Molski*, *supra*, 318 F.3d at p. 953.)   Rule 23(e)(2)(B) prevents a court from approving a class settlement unless it makes a finding that the Parties negotiated the settlement at arm's length. When litigation has proceeded to the point where "the parties have sufficient information to make an informed decision about settlement," this factor weighs in favor of approval. (*Linney v. Cellular Alaska Partnership* (9th Cir. 1998) 151 F.3d 1234, 1239.) So long as the discovery is sufficient to give the parties a clear view of the relative strengths and weaknesses of their respective cases it need not be exhaustive. *See, e.g., In re Immune Response Secur. Litig*., 497 F.Supp.2d 1166, 1174 (S.D. Cal. 2007) (settlement approved where informal discovery gave the parties a clear view of the strength and weaknesses of their cases).

Prior to the mediation, the Parties engaged in informal discovery where Defendants provided Class Members time records and payroll records, Plaintiff's time records and payroll records, written policies and handbooks utilized during the class period, class size, and work weeks to allow Plaintiff's counsel to assess liability and value. (Odenbreit Decl. ¶4.)

/ / /

Factoring in the uncertainty and risk of the outcome of further litigation, the difficulties and delays inherent in such litigation, including, but not limited to, the risks related to a contested motion for class certification, and the risks related to liability raised by the issues in this case, Plaintiff and her counsel determined that the agreed-upon sum of four hundred eighty thousand dollars ($480,000.00) that was negotiated settlement through an experienced mediator and reached after significant data, information and documents were exchanged, is reasonable and appropriate settlement for this instant action.  (Odenbreit Decl. ¶4.)

## B.    The Proposed Settlement Has No Obvious Deficiencies

A summary of the settlement terms is described above, and shows that there are no obvious deficiencies.  Plaintiff maintains that the proposed Settlement offers substantial monetary benefits to Participating Class Members in exchange for a release of certain wage and hour claims alleged in this action. There is no standard benchmark for adjudicating whether a settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice, supra*, at 625 (citation omitted).  In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See*, *Linney v. Cellular Alaska P 'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("... it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.")  Based upon a Net Settlement Amount of two hundred sixty-six thousand five hundred dollars ($266,500.00).  With approximately 2,061 class members, the average amount each class member would receive is one hundred twenty-nine dollars and thirty-one cents ($129.31) per class member – assuming that no Class Members opt out of the Settlement.  (Odenbreit Decl. ¶25.) Class Members will be mailed a Notice of Settlement and will have the ability to object

to any of the terms of the proposed Settlement or exclude themselves from participating in the proposed Settlement. Furthermore, the proposed Settlement is "all-in," and no monies will revert back to Defendants.

### C.    Balancing of the Factors

In making a fairness determination, a Court must evaluate factors such as: (1) the strength of plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement. (*Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937, 953.) The Ninth Circuit has directed district courts to consider a variety of factors without providing an "exhaustive list" or suggesting which factors are most important. *Staton v. Boeing. Co.*, 327 F.3d 938, 959 (9th Cir. 2003).

Here, the proposed Settlement satisfies all of these factors. Plaintiff vehemently contends her claims have merit and if litigation were to continue this class would be certified. Defendants vehemently deny the merits of the claims. Both parties have engaged in sufficient discovery and conducted thorough investigations of Plaintiff s claims to evaluate Plaintiff's claims and the strength of Defendants' defenses. In addition, Defendants supplied Plaintiff informal discovery in order for Plaintiff's expert to calculate damage analysis prior to mediation. Defendants presented a competing expert analysis. The settlement is the result of this considerable effort and time invested in the evaluation of the claims.

Plaintiff's counsel's opinion supporting this settlement is entitled to considerable weight. "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery. *H&R Block Stores, Inc.*

*v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *see also*, *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979) (recommendations of plaintiffs' counsel should be given a presumption of reasonableness).  The only factors not applicable here in the balancing test do not apply to the case at hand.  First, the government participant is not applicable because although the PAGA claims do involve governmental presence, they are prosecuted through the actions of the aggrieved employee and her counsel who sought permission to pursue those claims. Second, and the reaction of the Class Members is premature since notice of settlement has not yet been promulgated.

Accordingly, Plaintiff and her counsel have determined that the settlement set forth in the Agreement is a fair, adequate and reasonable settlement, and is in the best interests of Plaintiff and the Settlement Class. (Odenbreit Dec. ¶¶ 23-24.) Defendants contend that the Settlement Class Members were properly and timely paid all wages owed, including, but not limited to, all straight time and overtime, and were provided meal and rest periods as required under California law. However, Defendants have concluded that any further defense of this Action would be protracted and expensive for the Defendants.  Defendants have been required, by way of this lawsuit to spend significant financial resources and time in the defense thereof. In an effort to preserve those financial resources going forward so that Defendants may make better use of them for business purposes, Defendants have agreed to settle this case though Defendants adamantly deny any liability in this matter. As such, Defendants have agreed to settle in the manner and upon the terms set forth in this Agreement to put to rest the claims as set forth in the Action.

/ / /

/ / /

### D.    No Preferential Treatment Exists

Rule 23(e)(2)(D) prevents a court from approving a class settlement unless it makes a finding that the settlement treats class members equitably relative to each other. Preliminary approval of a settlement and notice to the proposed class is appropriate if: (i) the proposed settlement appears to be the product of serious, informed, non-collusive negotiations; and (ii) the settlement falls within the range of possible approval, has no obvious deficiencies, and does not improperly grant preferential treatment to class representatives or segments of the class. *Id.*; *see also Ross v. Bar None Enters., Inc.*, No. 2:13–cv–00234–KJM–KJN, 2014 WL 4109592, at *9 (E.D. Cal. Aug. 19, 2014).

Here, the individual settlement amounts paid to each Class Member based on his or her total number of Compensable Work Weeks (defined in the Agreement) on a pro rata basis regardless of the strength of their individual claims is fair and does not improperly grant preferential treatment to segments of the class.    In wage-and-hour class cases, it is common to allocate funds based on the time worked by class members. *See, e.g., Cicero v. DirecTV, Inc.*, 2010 WL 2991486 (C.D. Cal. July 27, 2010), at *5 ("the fund will be distributed based on the number of weeks worked by each class member, which appears to be a fair method of distributing the fund").    Here, the distribution plan is equitable to all Class Member's because all Class Members earned relatively the same hourly rate, performed the same type of work and were subjected to Defendants' purported illegal policies and practices.

## VI.    CONDITIONAL CERTIFICATION

The Parties have stipulated that the court may, for settlement purposes only, certify a Settlement Class. A proposed class may be conditionally certified if it "satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure applicable to all class actions, namely: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. (*Hanlon*, *supra*, 150 F.3d at p.

1019.)  The party seeking certification of a proposed settlement class must also show that the action falls within one of the three subsections of Rule 23(b) relating to predominance of common questions and superiority of the class action mechanism. All of the requirements of Rule 23(a) and 23(b) are met here.

### A.    Numerosity

Federal Rule of Civil Procedure 23 (a)(1) requires that the class is so numerous that joinder of all members is impracticable.  Numerosity does not require that joinder of all Members be impossible, but only that joinder be impracticable.  (*Arnold v. United Artists Theatre Circuit, Inc.* (N.D. Cal. 1994) 158 F.R.D. 439, 440.) In this matter, the Settlement Class includes approximately 959 current and former employees, and therefore, numerosity is easily established.

Additionally, the proposed class must be ascertainable, and must identify, "a distinct group of plaintiffs whose members can be identified with particularity." (*Lerwill v. Inflight Motion Pictures, Inc.* (9th Cir. 1978) 582 F.2d 507, 512.) Here, the members of the proposed class can easily be identified through Defendants' own timekeeping and payroll records.  Therefore, the settlement class is both sufficiently numerous and ascertainable.

### B.    Common Issues of Law and Fact

The commonality requirement is met if there are questions of law and fact common to the class. (See *Hanlon, supra*, 150 F.3d at p. 1019 ("The existence of shared legal issues with divergent legal factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class").  Here, Plaintiff maintains that common factual and legal issues include, among other things: (1) whether Defendants engaged in a common course of failing to provide and/or compensate employees for all hours worked at the appropriate rate, 2) provided all required meal and rest periods or compensation in lieu thereof; and (3) whether these alleged violations resulted in ancillary violations of Labor Code, § 203, and 226, as well whether they justify penalties

under PAGA and support the basis for relief under the UCL. Defendants do not oppose these contentions for the purpose of this Settlement only. Furthermore, Plaintiff asserts that all Class Members suffer from, and seek redress for, the same alleged injuries. Similarly, Defendants do not oppose these contentions for the purpose of this settlement only. Under these specific circumstances, Plaintiff maintains that the commonality requirement is satisfied. (See *Id.* at p. 1019–20.) Further, the Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). Therefore, to satisfy the commonality requirement, the claims must depend upon a common contention that "must be of such a nature that it is capable of class wide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of those claims in one stroke." *Dukes, supra*, 131 S.Ct. at 2551.

Plaintiff alleges that all claims in this Action are based on common, class-wide policies and procedures, and that liability could accordingly be determined on a class-wide basis, without dependence on individual assessments of liability. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1033 (2012) ("Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment.) Accordingly, Plaintiff asserts that the answers to the aforementioned questions determine liability to all Class Members claims, wherein commonality is satisfied.

## C.    Typicality

The typicality requirement is met if the claims of the name representative is typical of those of the class, though "they need not be substantially identical." (See *Hanlon, supra*, 150 F.3d at p. 1020; *Classen v. Weller*, 145 Cal. App. 3d 27, 46-47 (1983).) Courts have held that typicality and commonality requirements

"tend to merge," and a finding of commonality ordinarily will support a finding of typicality. (*General Telephone Co. of Southwest v. Falcon* (1982) 457 U.S. 147; *Wehner v. Syntex Corp.* (N.D. Cal. 1987) 117 F.R.D. 641, 644.) This requirement is "permissive" and requires only that the representative's claims are reasonably related to those of the absent class members. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. Cal. 2010). The permissive standard of typicality focuses on similarity between the legal theories of the proposed class representatives and the legal theories of those class members they seek to represent. *See Tibbie v. Edison Int'l*, 711 F.3d 1061, 1074 (9th Cir. 2013). In deciding whether individual variations preclude typicality, the focus should be on the behavior of the defendants. *Day v. NLO*, 851 F.Supp. 869, 884 (S.D. Ohio 1994); *Capitol People First v. State Dept, of Developmental Services*, 155 Cal. App. 4th 676, 692-93 (2007). The typicality requirement is satisfied "whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether the other class members have been injured by the same course of conduct." *Hanlon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)

In this case, Plaintiff alleges claims based on Defendants' conduct and policies and practices (failing to pay all wages, inaccurate wage statements, waiting time penalties, etc.) applicable to all Class Members. Further, Plaintiff seeks the similar damages (i.e., unpaid wages, penalties, etc.) as other current and former employees.  Therefore, Plaintiff asserts that typicality is easily met in this matter. Defendants do not oppose this assertion, for the purpose of this Settlement motion only.

### D.    Adequacy of Representation

The adequacy requirement is met if the class representative and class counsel have no interests adverse to the interests of the proposed class members and are committed to vigorously prosecuting the case on behalf of the class. (See

19

*Hanlon*, *supra*, 150 F.3d at p. 1020; *McGhee v. Bank of America* (1976) 60 Cal.App.3d 442, 450–51.)   Plaintiff and her counsel have fairly and adequately represented the proposed settlement class, and have vigorously prosecuted this action on behalf of the proposed settlement class.   Plaintiff and her counsel do not have any claims or interests which conflict or are antagonistic to the class.   The adequacy requirement is met where, as here, the class representative's claims are sufficiently interrelated to and not antagonistic to the claims of the class. (*Hanlon*, *supra*, 150 F.3d at p. 1020.)

The proposed Settlement Agreement requests enhancement awards of seven thousand five hundred dollars ($7,500.00) to Plaintiff Anita Trejo upon approval by this Court.   Other than this payment, class counsel's attorneys' fees and costs, the settlement administrator's fees, and the payment to the LWDA for its share of the settlement of penalties, all of the Class Members will be entitled to a portion of the balance of the Gross Settlement Amount based on the formula as provided for in the Settlement Agreement. Thus, no "settlement allocation" questions are raised. (See *Hanlon*, *supra*, 150 F.3d at p. 1020.) Moreover, "[p]otential Plaintiffs are not divided into conflicting discrete categories," since they all claim additional wages for work they performed in California for Defendant. (See *Id.* at p. 1021.) Finally, any class member who wishes to "opt out" of the Settlement may do so. (See *Ibid.*) There is therefore no conflict of interest between Plaintiff and the class members.

Furthermore, class counsel is an experienced wage and hour class action litigator and have diligently prosecuted this action. (See Odenbreit Dec. ¶29; Exhibits E and F). There is no evidence of antagonism between the proposed class representative, her attorneys, and the putative class, and even if there were, any putative class member who wishes to "opt-out" would be afforded the opportunity to do so.   Therefore, Plaintiff maintains that the requirements of Fed. R. Civ. P. 23(a) are met in this matter.

MEMORANDUM OF POINTS AND AUTHORITIES

### E. Conditional Certification Pursuant to FRCP 23(b)(3) is Appropriate as Common Questions Predominate

Under Fed. R. Civ. P 23(b)(3), a Plaintiff must demonstrate that common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy. (Fed. Rules Civ.Proc., rule 23, 28 U.S.C.A.(b)(3).)  This requirement is met in this instant matter.  When assessing predominance and superiority, the Court may consider that the class will be certified for settlement purposes only. (*Amchem Products, Inc. v. Windsor* (1997) 521 U.S. 591, 620.) The manageability of trying the case as a class action is not a factor for a settlement-only class. (*Id.* at p. 620.)

Plaintiff, on behalf of herself and class members, seek among other things, unpaid wages, meal and rest break premiums, and derivative penalties. As detailed above, Plaintiff's maintains that her allegations against Defendants raises common questions about the policies of Defendants, and the class members' potential legal remedies are identical. Plaintiff asserts that the proposed class in this case is sufficiently cohesive because, for purposes of the Settlement only, the parties agree that all class members share a "common nucleus of facts and potential legal remedies," as was present in *Hanlon*, *supra*, 150 F.3d 1011, where the Ninth Circuit approved class certification under the standards set forth in *Amchem*. Plaintiff further asserts that the proposed Stipulated Class in this case is sufficiently cohesive to warrant adjudication by representation. See *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1436 (2013). Thus, this class may be certified for settlement purposes.  Furthermore, the proposed Settlement herein is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

/ / /

/ / /

## VII.     THE PROPOSED NOTICE IS APPROPRIATE AND SATISFIES DUE PROCESS

Federal Rules of Civil Procedure 23(e)(1)(B) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."  "The best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort," is required. (Fed.R.Civ.P. 23(c)(2)(B).) The proposed Class Notice is attached as Exhibit B of the Declaration of Katherine J. Odenbreit, filed concurrently herewith.

In this case, the Parties propose that the Notice of the Settlement will be mailed via U.S. first-class mail to each Class Member's last known address. Defendants agree to provide the Settlement Administrator, within fifteen (15) calendar days following preliminary approval by this Court, a Class List compiled in good faith based on Defendants' records setting forth each Class Member's: (1) full name; (2) last known mailing address; (3) last known telephone number; (4) social security number; (5) date of birth; and (6) total number of work weeks worked during the Class Period.  The Settlement Administrator will perform a search on the U.S. Postal Service National Change of Address Database and update any addresses with any new information found regarding the location of Class Members.  Within ten (10) calendar days of receiving the Class List, the Settlement Administrator will send via first class mail the Court-approved Notice of Settlement to each Class Member.  If a Notice of Settlement is returned because of an undeliverable address, the Settlement Administrator will conduct a skip trace to locate a current address.

The proposed Notice of Settlement provides information on the meaning and nature of the proposed Class; the terms and provisions of the Settlement; the relief the Settlement will provide to Participating Class Members; the applications of Plaintiff for their Service Awards and of Class Counsel for their attorneys' fees

and costs; the payment to the LWDA of its share of the PAGA Award; the payment of the Settlement Administration Costs; the date, time and place of the final settlement approval hearing; and the procedure and deadlines for opting out of the Settlement or for submitting objections to the Settlement. If a Class Member chooses to object to the Settlement, they will have forty-five (45) days to file with the Court and serve an Objection to the Agreement.  Further, Class Members that choose to opt out of the settlement will have forty-five (45) days from the mailing of the Class Notice to postmark a Request for Exclusion.

The Notice of Settlement also fulfills the requirement of neutrality in class notices.  It summarizes the proceedings to date, and the terms and conditions of the Settlement, in an informative and coherent manner, in compliance with the Manual's statement that "the notice should be accurate, objective, and understandable to Class Members."  The Notice of Settlement clearly states that the Settlement does not constitute an admission of liability by Defendants, and recognizes that the Court has not ruled on the merits of the action.  It also states that the final settlement approval decision has yet to be made.  Accordingly, the Notice of Settlement complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. (See Fed. Rules Civ.Proc., rule 23, 28 U.S.C.A.(c)(2); 23(e).)

## VIII.  A FINAL APPROVAL HEARING SHOULD BE SCHEDULED

The last step in the settlement approval process is the formal final approval hearing, at which the Court may hear all evidence and argument necessary to evaluate the proposed settlement.  At that hearing, proponents of the Settlement may explain and describe its terms and conditions and offer argument in support of Settlement approval; and Class Members or their counsel may be heard in support of or in opposition to the Settlement Agreement.  The Parties propose that the final approval hearing be held on or after August 23, 2021, or a date thereafter convenient for the Court.

## IX.  CONCLUSION

For the foregoing reasons, the Parties respectfully request the Court make orders as to the following:

1.  Certifying for settlement purposes only a Class defined as all non-exempt, hourly workers who were assigned by Lyneer Staffing Solutions, LLC Ciera Staffing, LLC, and Employers HR, LLC to perform work for Yusen Logistics (Americas), Inc. in California at any time from July 1, 2017 to August 25, 2019 (the "Class Period");

2.  Preliminarily approving the PAGA Settlement Amount;

3.  Appointing Anita Trejo as Class Representative for settlement purposes;

4.  Appointing Plaintiff's Counsel, Kevin Mahoney, Katherine Odenbreit, and John Young of MAHONEY LAW GROUP, APC, as Class Counsel for settlement purposes;

5.  Approving Phoenix Class Action Administrators as Settlement Administrator;

6.  Approving the form and content of the Class Notice and Notice of Individual Settlement Share (collectively referred to as the "Notice Packet"), and directing the mailing of same;

7.  Approving the opt-out and objection procedures provided in the Settlement Agreement and set forth in the Notice of Settlement;

8.  Directing Defendants to furnish the Settlement Administrator within fifteen (15) calendar days after the Court grants preliminary approval of the Settlement the Class List, as defined in the Settlement Agreement, which shall be compiled in good faith from Defendant' records to include for each Class Member: (a) full name; (b) last known mailing address; (c) last known telephone number; (d) social security number; (e) date of birth; and (f) the total workweeks

24

worked by each member of the Settlement Class during the Class
Period; and

9.    Setting a Final Approval Hearing.

Date: April 22, 2021                    **JACKSON LEWIS P.C.**

                                        *By:/s/ Stacy M. Cooper*
                                        Stacy M. Cooper
                                        Attorney for Defendants LYNEER
                                        STAFFING SOLUTIONS, LLC, CIERA
                                        STAFFING, LLC, AND EMPLOYERS
                                        HR, LLC

Date: April 22, 2021                    **FORD & HARRISON, LLP**


                                        *By:/s/ Daniel Chammas*
                                        Daniel Chammas
                                        Attorneys for Defendant YUSEN
                                        LOGISTICS (AMERICAS), INC

Date: April 22, 2021                    **MAHONEY LAW GROUP, APC**


                                        *By: /s/ Katherine J. Odenbreit*
                                        Katherine J. Odenbreit
                                        Attorney for Plaintiff, Anita Trejo