# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA TREJO, as an individual and on behalf of all similarly situated emplyees,<br><br>　　Plaintiff,<br><br>　　v.<br><br>LYNEER STAFFING SOLUTIONS, LLC; CIERA STAFFING, LLC; EMPLOYERS HR LLC; YUSEN LOGISTICS (AMERICAS) INC.; and DOES 1 through 50, inclusive,<br><br>　　Defendants. | Case No.: 2:19-cv-4132-DSF (JCx)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

On June 6, 2022, a hearing was held on Plaintiff Anita Trejo's motion for final approval of class settlement, and on Plaintiff's separate motion for Class Counsel Award and Costs and Class Representative Enhancement Award. The Court having considered the arguments of counsel, and good cause appearing,

**IT IS ORDERED:**

1. The Joint Stipulation for Class Action Settlement and Release and Addendum (Settlement Agreement or Settlement) filed with the Court as Exhibit A to the Declaration of Katherine J. Odenbreit entered into by and between Plaintiff, individually and on behalf of Class Members (defined below), and Defendants Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, Employers HR, LLC, and Yusen Logistics (Americas), Inc. is fair, just, and reasonable and meets the requirements for final approval.

2. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

3. The Court has jurisdiction over the subject matter of this litigation and all state and federal claims raised in this action and released in the Settlement Agreement. The Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims.

4. The class was conditionally certified for settlement purposes on June 15, 2021 as follows: all non-exempt, hourly workers who were assigned by Lyneer Staffing Solutions, LLC, Ciera Staffing, LLC, and Employers HR, LLC to perform work for Yusen Logistics (America), Inc. in California at any time from July 1, 2017 through and including August 25, 2019 (the Class Period). The Court finds and determines that this class meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3), and it is ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

5. Pursuant to the Court's Order granting Preliminary Approval of this settlement, the notice documents were sent to each Class Member by first-class mail. The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to receive their settlement share, their right to comment on (including object to) the Settlement or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

6. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

7. The Court finds, for settlement purposes only, the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3) are satisfied.

8. The Court further finds and determines that the terms of this Settlement are fair, adequate, and reasonable for the Participating Class Members that have not opted out and they will be bound by the Settlement Agreement, that this settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and are ordered to be consummated, except as otherwise provided in this Order, pursuant to Rule 23(e). In addition, the Court finds that the Settlement Agreement is rationally related to the strength of Plaintiff's claims given the risk, expense, and duration of further litigation. The Court also finds the Settlement is the result of arm's-length negotiations, with the assistance of an experienced mediator, between experienced counsel representing

the interests of the Class Members and Defendants, after thorough factual and legal investigation.

9. The Court finds and determines that the Individual Settlement Payments to be made to the Participating Class Members as provided for in the Settlement Agreement is fair and reasonable. The proposed plan of allocation bases each Participating Class Member's recovery on his or her total number of workweeks on a pro rata basis regardless of the strength of their individual claims is fair and does not improperly grant preferential treatment to segments of the class. The plan of allocation is rational. The Court gives final approval to and orders that payment of the appropriate amounts be made to the Labor and Workforce Development Agency and to Participating Class Members out of the Net Settlement Fund in accordance with the terms of the Settlement Agreement.

10. The Court finds that the response of Class Members following the administration of Class Notice supports the approval of the settlement.

11. The Court confirms as final the appointment of Plaintiff Anita Trejo as Class Representative.

12. The Court awards attorneys' fees to Class Counsel, Mahoney Law Group, APC, in the amount of $153,676.36[1] and costs to Class Counsel in the amount of $13,249.91. The Ninth Circuit has established 25% as the benchmark for a reasonable fee award. Staton v. Boeing, 327 F.3d 938, 968 (9th Cir. 2003); Vizcaino v. Microsoft, 290 F.3d 1043, 1048 (9th Cir. 2002). "[U]nusual circumstances" are required to justify a departure. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989); accord In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) (holding there must be an "adequate explanation in the record of any 'special circumstances' justifying a departure"). Class counsel provides no justification for a higher award and the

---

[1] The Court deducted the costs award from the Gross Settlement Amount before calculating the fee.

Court finds there is none. There is little risk that plaintiffs will not prevail in any even arguably meritorious California wage and hour class action. Class actions involving wage and hour claims under California law have become ubiquitous. Both state and federal courts in California are inundated with such claims. There is an overabundance of competent attorneys from law firms of all sizes willing to handle such actions for the Ninth Circuit's benchmark percentage. In addition, counsel as experienced as Class Counsel profess to be can certainly evaluate the merits of proposed class actions and take only those with a high likelihood of success (which nearly always means settlement). In addition, there is rarely anything so unique about a particular wage and hour case that experienced class counsel cannot use much of the research and previously drafted documents in any of their pending cases – as well as in the inevitable future cases.[2]

13. The Court awards Plaintiff an enhancement payment of $2,000. Plaintiff apparently did not keep track of her time, but estimates she spent approximately 50 hours assisting with this lawsuit, which is in the mid-range of time compared to other class representatives in cases before this Court. She did, however, have her deposition taken. She does not describe any claims she has given up that are not related to this litigation, nor does it appear that she took any significant personal risk by representing the class, as she describes no detriment that has occurred in the more than three years since the suit was filed.

14. On completion of the administration of this settlement, the Settlement Administrator will provide a declaration detailing the completion of the administration process to the Court and counsel for the Parties. The Court finds and confirms the costs of $15,000.00 reasonable for the administration of this settlement, as set forth in the declaration of the administrator's representative, to

---

[2] The Court notes that the claimed lodestar amount is slightly higher than 25% of the Gross Settlement Amount. However, on review of the billing records provided, the Court concludes that a number of the entries are unreasonable or excessive and therefore the lodestar amount is not accurate.

1  be paid out of the Gross Settlement Fund to the Settlement Administrator.

2      15.   The Court finds that there have been no objections to the Settlement. The Court finds no basis for determining that the Settlement was reached by anything other than arm's-length negotiations. The Court further finds that the investigation and discovery was sufficient to allow Class Counsel and the Court to act intelligently. The Court also finds that Class Counsel is experienced in this type of litigation.

      16.   The Settlement Administrator shall pay 90% of the above-stated attorney's fees to Class Counsel as provided in the Settlement Agreement. The remaining 10% shall be paid when Class Counsel provides a declaration stating that all other terms of the settlement have been implemented, as well as a proposed order releasing the remainder of the fees award.

      17.   The Court orders all Parties and their counsel to cooperate in the fulfilling the terms of the Settlement Agreement consistent with this Order, and this Court shall retain jurisdiction to effectuate the terms of the Settlement including the binding effect of the releases set forth in the Settlement Agreement to both the Plaintiff and Class Members.

**IT IS SO ORDERED.**

Dated: June 13, 2022

HON. DALE S. FISCHER
UNITED STATES DISTRICT JUDGE